## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

CHRISTOPHER G. LUDWICK,       :   Case No. 1:23-cv-460

     Plaintiff,               :

vs.                       :   Judge Susan J. Dlott
                           :   Magistrate Judge Peter B. Silvain, Jr.

CAPT. BRANDON TEAGUE, *et al*.,    :

     Defendants.         :

## REPORT AND RECOMMENDATION

This civil rights matter was opened on the Court's docket on July 21, 2023, upon receipt of a partially legible, unsigned Complaint from state prisoner Christopher G. Ludwick. (Doc. 1). On July 26, 2023, the Court issued a Deficiency Order to Plaintiff, ordering him to submit a legible, signed complaint, to complete and return a Civil Cover Sheet, and to either pay the filing fee or seek to proceed *in forma pauperis*. (Doc. 2). Plaintiff was given thirty days to comply with this order and was provided with the forms he might need to do so. (*Id*.)

On October 10, 2023, because it was unclear if Plaintiff's address had changed and if he had received the Court's Deficiency Order, the Court directed the Clerk to re-send the order to Plaintiff at two addresses, and sua sponte granted him an additional thirty days to comply with the Deficiency Order. (Doc. 3).

To date, Plaintiff has not responded to the Court's orders or taken any other action in this case. None of the Court's mail to Plaintiff has been returned, as of the date of this writing.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108,

109 (6th Cir. 1991). Failure of a party to comply with a court order warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Here, Plaintiff was specifically advised that his case would be dismissed if he failed to comply with the Court's Deficiency Order.[1] (Doc 2, PageID 10, 11). As he has failed to comply, the Undersigned **RECOMMENDS** that the case be **DISMISSED** without prejudice for failure to prosecute.

The Clerk of Court is **DIRECTED** to send this Report and Recommendation to Plaintiff at both the Lebanon Correctional Institution and the Southern Ohio Correctional Facility. Plaintiff is reminded that it is his responsibility to keep this Court informed of his current address and to promptly file a Notice of New Address if he is released or transferred.

## Notice Regarding Objections to this Report and Recommendation

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of

---

[1] The Court said: "Plaintiff is warned that if he fails to submit a legible, signed complaint within thirty days, the Court may dismiss his case for failure to prosecute" and "If the filing fee is not paid within thirty days, and Plaintiff has not submitted an Application to proceed *in forma pauperis* (or a motion for additional time to do so), the Court will dismiss this case for want of prosecution." (Doc. 2, PageID 10, 11).

the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


November 21, 2023                    /s/*Peter B. Silvain, Jr.*
                                     PETER B. SILVAIN, JR.
                                     UNITED STATES MAGISTRATE JUDGE