IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Christopher G. Ludwick, | : | Case No. 1:23-cv-460 |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | Order Adopting Report and Recommendation and Dismissing Case |
| Captain Brandon Teague, *et al.*, | : | |
| Defendants. | : | |

This matter is before the Court on the Report and Recommendation ("R&R") (Doc. 4) entered by Magistrate Judge Peter B. Silvain, Jr. The Magistrate Judge recommends dismissing this action with prejudice for want of prosecution. For the reasons that follow, the Court will **ADOPT** the R&R and dismiss with prejudice this action.

I. **BACKGROUND**

As set forth in the R&R, this civil rights action was opened on the Court's docket on July 21, 2023, upon receipt of a partially legible, unsigned Complaint from state prisoner Christopher G. Ludwick. (Doc. 1.) On July 26, 2023, the Court issued a Deficiency Order to Ludwick, ordering him to submit a legible, signed Complaint, to complete and return a Civil Cover Sheet, and to either pay the filing fee or seek to proceed *in forma pauperis*. (Doc. 2.) In the Deficiency Order, Plaintiff was advised that failure to comply within thirty days would result in dismissal of his action with prejudice. (Doc. 2 at PageID 11.) Plaintiff did not respond within the thirty-day timeframe. On October 10, 2023, the Court directed the Clerk to re-send the Deficiency Order at two addresses, and sua sponte granted thirty additional days to comply. (Doc. 3.) On November 21, 2023, the Magistrate Judge issued the pending R&R recommending dismissal of this action with prejudice for want of prosecution. (Doc. 4.) Plaintiff did not file any objections or

1

otherwise respond.

## II. STANDARD OF LAW

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure Rule 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. Parties then have fourteen days to make file and serve specific written objections to the report and recommendations. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party files objections to a report and recommendation on a dispositive matter, a district judge must review it under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). When no objections are filed, "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review [the] magistrate's report." *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also Weir v. Centurion*, No. 3:19-CV-00131, 2021 WL 5165930, at *1 (M.D. Tenn. Nov. 5, 2021) ("The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made."). Nonetheless, some district courts follow the Advisory Committee Notes to Rule 72(b) and review the report and recommendation for clear error. *See e.g.*, *Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022); *Lassiter v. Dullaghan*, No. 1:10-CV-010, 2011 WL 110259, at *1 (S.D. Ohio Jan. 13, 2011). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

## III. ANALYSIS AND CONCLUSION

The Court finds no clear error in the Magistrate Judge's recommendation to dismiss Plaintiff's Complaint. The Magistrate Judge correctly cited and applied the law regarding

dismissal of a case for want of prosecution. As cited by the Magistrate Judge, the district court is empowered to dismiss an action sua sponte for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b), which states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). *See also Link v. Wabash R.R.*, 370 U.S. 626, 630–631 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")

Based on these precedents, the Court finds that the Magistrate Judge was correct to recommend dismissal of the Complaint. The R&R (Doc. 4) is **ADOPTED**, and the case is **DISMISSED WITH PREJUDICE**. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith.

The Clerk of Court is **DIRECTED** to send this Order to Plaintiff at both the Lebanon Correctional Institute and the Southern Ohio Correctional Facility.

**IT IS SO ORDERED.**

BY THE COURT:

*Susan J. Dlott*
Susan J. Dlott
United States District Judge

J:\Lawclerks\Johnson\Ludwick v Tague - 23-460.doc